UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRIAN CEDRIC KING,

        Petitioner,                        Case No. 1:21-cv-10851

v.                                       Honorable Thomas L. Ludington

NOAH NAGY,

        Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE SIXTH CIRCUIT COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Adrian Cedric King, a state prisoner in the custody of the Michigan Department

of Corrections, recently filed a pro se application for the writ of habeas corpus under 28 U.S.C. §

2254. ECF No. 1. Petitioner is challenging his 2005 Wayne County, Michigan convictions for

assault with intent to commit murder and three firearm offenses. Petitioner filed a previous habeas

petition that challenged the same convictions and was adjudicated on the merits. Therefore, the

present petition is a second or successive petition that the Court must transfer to the Court of

Appeals for a determination of whether this Court has jurisdiction to entertain Petitioner's claims.

**I.**

Following a 2005 bench trial in Wayne County, Petitioner was found guilty of assault with

intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich.

Comp. Laws § 750.224f, discharge of a firearm toward a building, Mich. Comp. Laws § 750.234b,

and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

The trial court sentenced Petitioner to two years in prison for the felony-firearm conviction, to be

followed by concurrent terms of thirty-five to seventy years for the assault conviction, two to five

years for the felon-in-possession conviction, and two to four years for the discharge-of-a-firearm conviction.

Petitioner appealed his convictions and sentence as of right, claiming that there was insufficient evidence establishing him as the perpetrator and that the trial court erred in scoring fifty points for offense variable 7 of the state sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished decision, *see People v. King*, No. 263046, 2006 WL 3114310 (Mich. Ct. App. Nov. 2, 2006), and on February 27, 2007, the Michigan Supreme Court denied leave to appeal, *see People v. King*, 727 N.W.2d 614 (Mich. 2007). Petitioner was also unsuccessful in pursuing state collateral remedies.

On December 4, 2007, Petitioner filed a habeas corpus petition in which he claimed that there was insufficient evidence to support his convictions. United States District Judge David M. Lawson denied the petition on the merits. *See King v. Sherry*, No. 07-cv-15134 (E.D. Mich. Jan. 18, 2011). Petitioner appealed Judge Lawson's decision, but the United States Court of Appeals for the Sixth Circuit dismissed the appeal for want of prosecution. *See King v. Sherry,* Nos. 11-1191 and 11-1318 (6th Cir. Apr. 8, 2011, and Apr. 21, 2011).

In 2012, Petitioner applied to the Sixth Circuit Court of Appeals for permission to file a second or successive habeas petition. The Sixth Circuit denied the application because Petitioner failed to demonstrate either criterion for obtaining authorization to file a second or successive habeas petition. *See In re Adrian King*, No. 12-1678 (6th Cir. Oct. 17, 2012).

In 2014, Petitioner filed another habeas corpus petition. This Court transferred the petition to the Sixth Circuit as a second or successive petition. *See King v. Napel*, No. 14-cv-14861 (E.D. Mich. Jan. 21, 2015). The Sixth Circuit denied the application because Petitioner had not satisfied

the statutory requirements for filing a second or successive petition. *See In re Adrian King,* No. 15-1068 (6th Cir. July 13, 2015).

In 2017, Petitioner filed a third habeas corpus petition in this District. United States District Judge Linda V. Parker transferred the petition to the Sixth Circuit as a second or successive petition. *See King v. Palmer*, No. 17-cv12743 (E.D. Mich. Aug. 31, 2017). The Sixth Circuit denied Petitioner's application for an order authorizing the district court to consider a second or successive petition. *See In re Adrian King*, No. 17-2040 (6th Cir. Jan. 23, 2018).

In 2018, Petitioner filed a fourth habeas corpus petition challenging the same assault and firearm convictions. The case was assigned to Judge Lawson who transferred the petition to the Sixth Circuit as a second or successive petition. *See King v. Skipper*, No. 18-cv-13085 (E.D. Mich. Oct. 17, 2018). The Court of Appeals subsequently declined to order the district court to consider Petitioner's claims, because Petitioner had failed to satisfy the standard set forth in 28 U.S.C. § 2244(b)(2). *See In re Adrian King*, No. 18-2206 (6th Cir. Mar. 11, 2019).

Finally, on April 2, 2021, Petitioner commenced this case. His sole ground for relief alleges that sentencing him thirty-five to seventy years as a third criminal offender violates the Eighth and Fourteenth Amendments to the United States Constitution. ECF No. 1 at PageID.5.

## II.

The United States Supreme Court recently explained that, although "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction," he or she "may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). A habeas petitioner who wants to file a second or successive habeas petition must first ask the appropriate Court of Appeals for an order

authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(e)(A); *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017).

"The phrase 'second or successive application,' . . . is a 'term of art,' which 'is not self-defining.'" *Banister*, 140 S. Ct. at 1705 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)); *see also In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that § 2244(b) "limits 'second or successive' applications," but "does not define 'second or successive'"). Nevertheless, it is clear from § 2254 and the relief it provides that the phrase "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).

The Sixth Circuit's decisions establish that a petition normally is "second or successive" if "[i]t amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332–33). A petition is not second or successive when "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or when "a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

The petition before the Court is another attempt to invalidate the same state-court judgment that was the subject of Petitioner's first habeas corpus petition. Petitioner's current claim, moreover, was ripe when Petitioner filed his first habeas petition, and that petition was denied on the merits. Thus, the current petition is a second or successive petition.

Federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149

(2007)). Furthermore, the Sixth Circuit held in *In re Sims*, 111 F.3d 45 (6th Cir. 1997), that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *Id*. at 47.

## III.

Petitioner has not obtained permission from the Sixth Circuit Court of Appeals to file a second or successive petition. Accordingly, it is **ORDERED** that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*.

Dated: May 5, 2021          s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge